Green, J.
delivered the opinion of the court.
The bill in this case alledges, that the defendant, Nolen, obtained a judgment before a justice of the peace against John Elliott for $115; that complainant became security for the stay of execution; and that after the time for the stay expired, complainant and Elliott went to see Nolen, when Elliott and Nolen had a conversation apart from complainant; after which Nolen informed complainant, that he had agreed to wait with Elliott for the money as long as he desired, for the consideration of five per cent, per month for the use of the money, and that this arrangement was made without his assent or approbation, and contrary to the wish of complainant. This bill further states, that when this arrangement was made, Elliott was able to pay the judgment, but had since become in doubtful circumstances. Upon this statement of the bill we are of opinion that the complainant is not entitled to relief. In the case of Peay vs. Poston, (10 Yerg. R. 111,) this court decided, tliat an agreement for delay made with the principal debtor after a judgment has been obtained against him and his surety, will not discharge the surety,
*413 This distinction necessarily results from the grounds upon which a surety’s right to relief in such cases is placed. In the case of McLemore vs. Powell, (12 Wheat. R. 557,) the court say; “the creditor suspends his own remedy on the bill for the stipulated period, and if the endorser were to pay the bill, he could only be subrogated to the rights of holder, and the drawer could or might have the same equities against him, as against the holder himself.”
This reason for discharging a surety, does not exist after the creditor has obtained a judgment against the parties. The surety may on motion, obtain judgment againsthis principal, and enforce the payment of the money, notwithstanding the creditor and principal debtor may have, made a binding contract for delay.
The'surety’s remedies againsthis principal were in no degree lessened or obstructed by the agreement set out in the bill, and it is like the case of an agreement without consideration, which would not bind the parties, and which of course would not obstruct the surety’s remedies againsthis principal.
In such case the surety is not released. 12 Wheat. 557. We think the decree is erroneous, and that the bill must be dismissed.